## UNITED STATES v. SCOTT et al.

### (Circuit Court, N. D. Georgia.   June 28, 1905.)

**1. Conspiracy—Merger in Completed Offense.**

A conspiracy to commit an offense against the United States, made in itself a criminal offense by Rev. St. § 5440 [U. S. Comp. St. 1901, p. 3676], is not merged in the completed offense, where the two offenses are of the same grade and the punishment substantially the same.

[Ed. Note.—For cases in point, see vol. 10, Cent. Dig. Conspiracy, §§ 68–70.]

**2. Same—Evidence.**

Evidence that employés of the owner of a distillery joined and participated with him in removing from such distillery to a place other than a bonded warehouse spirits on which the internal revenue tax had not been paid, in violation of Rev. St. § 3296 [U. S. Comp. St. 1901, p. 2136], under circumstances from which they must have known the illegal nature of the transactions, is sufficient to sustain an indictment, under section 5440 [U. S. Comp. St. 1901, p. 3676], of both employer and employés, for conspiracy to commit an offense against the United States.

Criminal Prosecutions.   On motion for a new trial and motion in arrest of judgment.

E. A. Angier, U. S. Atty., and Geo. L. Bell, U. S. Atty.

S. A. Darnell and Madison Bell, for defendants.

NEWMAN, District Judge.   This case is now before the court on a motion for a new trial and on a motion in arrest of judgment. I think the law of the case was correctly given to the jury in the instructions of the court.   The evidence was certainly sufficient to support the verdict.

The first question for consideration is whether, under the evidence, the conspiracy was merged in the completed offense.   The indictment was drawn under section 5440 of the Revised Statutes [U. S. Comp. St. 1901, p. 3676], and was for a conspiracy to commit an offense against the United States; that is, the offense of removing distilled spirits from a distillery where produced to a place other than the distillery warehouse without having paid the tax required by law.   Whatever may be the correct rule as to merger of conspiracy in the completed offense under the practice in the courts of the United States where the conspiracy is a misdemeanor and the completed offense a felony, it is perfectly clear that the rule of merger does not apply here, where the penalty is so nearly alike as it is under sections 5440 and 3296 [U. S. Comp. St. 1901, pp. 3676, 2136].   Section 5440 makes the penalty for a conspiracy a fine of not more than $10,000 or imprisonment for not more than two years, or both such fine and imprisonment, in the discretion of the court.   Section 3296, for removing distilled spirits in violation of law, fixes the penalty at not less than $200 and not more than $5,000, and imprisonment not less than three months nor more than three years.   In the conspiracy section, the imprisonment is only a year less, while the fine may be double that of section 3296.   They are offenses of the same grade—both misdemeanors—and, under the well-established rule, there would be no merger of the conspiracy in the completed offense.

The other question is as to whether, under the facts in evidence in this case, a conspiracy is properly made out. The question is not wholly free from difficulty. The distillery as to which the alleged fraud is charged was operated and managed solely by John N. Scott. All the other alleged conspirators convicted with him were employés of John N. Scott. The difficulty arises from this fact. John N. Scott was the moving spirit, according to the evidence, in this plan to defraud the government. The others convicted as co-conspirators were under his direction and control, employed by, and subordinate to, him. But is this sufficient to justify the court in setting aside the verdict in this case? There is abundant evidence to justify the jury in believing that all of these parties knew of the unlawful nature of the transactions being carried on at the Scott distillery. They not only participated in, and were parties to, the removal of distilled spirits, but they must have known of the large amount of meal and malt being received at the distillery, and they must also have known that it was more than the capacity of the distillery required or authorized. Two barrels of unstamped whisky were removed by two of the co-conspirators, according to evidence which the jury must have believed. There was evidence to show that Fields, the distiller—that is, the man who had actual charge of the work of distilling—told Wheeler that he was a fool for not getting money as other storekeepers and gaugers had done. Whether these defendants, except Scott, received anything more than wages for their connection with this distillery does not appear; but I think the evidence is ample to show that they knew of, and participated in, these unlawful transactions all along. The evidence is also sufficient to justify the jury in concluding that they had such an agreement and understanding with John N. Scott as that it amounted to a conspiracy between all the parties to the transaction to commit an offense against the United States in removing distilled spirits, as set out in the indictment.

I have no question whatever about the correctness of the decision at the trial that the defendants were only entitled to ten challenges, under section 819 of the Revised Statutes. Indeed the court gave the defendants the benefit of the doubt in allowing them ten challenges instead of three, which number it might be argued they would only be entitled to when on trial under section 5440.

The foregoing embrace the only matters which it seems to me necessary to discuss in connection with these motions.

Both the motion for a new trial and the motion in arrest of judgment are denied.