SUSNJAR et al. v. UNITED STATES.

Circuit Court of Appeals, Sixth Circuit.
July 6, 1928.

No. 5138.

1. Aliens ⬅➡56—To "harbor," or "conceal," aliens, within act, means to shelter and protect improperly admitted aliens; to shield from observation and prevent discovery of such aliens (Immigration Act, § 8 [8 USCA § 144]).

Under Immigration Act, § 8 (8 USCA § 144), prohibiting concealing or harboring, or attempt to conceal or harbor, or assist or abet others to conceal or harbor, any alien, etc., word "harbor" means to clandestinely shelter, succor, and protect improperly admitted aliens, and the word "conceal" means to shield from observation and to prevent discovery of such alien persons.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Conceal—Concealment; Harbor.]

2. Conspiracy ⬅➡47—Evidence held to sustain conviction for conspiracy to conceal and harbor aliens, as to principal contracting for secret transportation of aliens across line and his confederate (Immigration Act, § 8 [8 USCA § 144]).

Conviction for conspiracy to conceal and harbor aliens, in violation of Immigration Act,

§ 8 (8 USCA § 144), held sustained by evidence as to one contracting with aliens to secretly transport them over international boundary line to friends and relatives in another city, and as to confederate knowingly assisting in the transaction.

3. Conspiracy ⬅➡47—Conspiracy may be established by circumstances.

Circumstantial evidence may establish existence of conspiracy.

4. Criminal law ⬅➡58—That defendant's employment required him to engage in criminal conspiracy is no defense.

Employee is not immune from punishment for his participation in criminal conspiracy, on ground that his employment required him to engage therein.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Ohio; John M. Killits, Judge.

Stevan P. Susnjar and another were convicted under an indictment charging a conspiracy to violate the Immigration Act, by concealing, harboring, and attempting to conceal and harbor aliens, and they bring error. Affirmed.

O. Guy Frick, of Detroit, Mich., for plaintiffs in error.

Miss Irene Nungesser, Asst. U. S. Atty., of Cleveland, Ohio (A. E. Bernsteen, U. S. Atty., of Cleveland, Ohio, on the brief), for the United States.

Before DENISON, DONAHUE, and HICKS, Circuit Judges.

HICKS, Circuit Judge. Kot, Smarlicki, Noconj, Ulomek, Borosh and Chicowski were aliens, not entitled to enter or reside within the United States. Plaintiffs in error were jointly indicted for a violation of section 37, Cr. Code (18 USCA § 88) in that they conspired to violate section 8 of the Immigration Act of February 5, 1917 (section 144, tit. 8, U. S. C. [8 USCA § 144]), by concealing and harboring and attempting to conceal and harbor, said aliens; the alleged plan or scheme being that they would transport said alien persons in an automobile from Detroit to Cleveland, Ohio, and place them in homes in and around Cleveland. The overt acts alleged were that they concealed and harbored (1) all of said aliens at Susnjar's home at Detroit; (2) some of them at 986 Seventy-Sixth street; and (3) some of them at 3584 East 144th street in Cleveland, Ohio.

The first seven and the tenth assignments of error, though couched in differing phraseology, are all leveled at the denial of a directed verdict. A proper determination of

the matter involves an interpretation of the following language in section 8 of the act in question, to wit: "Or shall conceal or harbor or attempt to conceal or harbor, or assist or abet another to conceal or harbor * * * any alien," etc. One of the principal objects of the immigration statutes is to exclude from the country all aliens who have unlawfully succeeded in effecting an entry. Haw Moy v. North (C. C. A. 9) 183 F. 89, 91, certiorari denied 223 U. S. 717, 32 S. Ct. 522, 56 L. Ed. 628.

[1-4] When taken in connection with the purposes of the act, we conceive the natural meaning of the word "harbor" to be to clandestinely shelter, succor, and protect improperly admitted aliens, and that the word "conceal" should be taken in the simple sense of shielding from observation and preventing discovery of such alien persons. There seems to be nothing unnatural or strained in this interpretation of the meaning of these words, when thought of in connection with the object and purposes of the act. Considering the case from this viewpoint, both as to the alleged unlawful agreement and the overt acts in furtherance thereof, without detailed discussion, we conclude that the evidence is ample as to Susnjar and sufficient as to Klaich.

The evidence indicates with substantial clearness that these aliens had been brought by the joint unlawful efforts of Susnjar and one "Mike" his confederate in Windsor, from Windsor, Canada, across the Detroit river, into Detroit, on the night of January 17, 1927, in inclement weather. They arrived at Susnjar's house about 2 o'clock in the morning, cold and wet. They were given food and whisky by Susnjar. Soon after their arrival, Klaich came into the room and remained. Susnjar contracted with these aliens to transport them to the homes of certain of their friends and relatives in Cleveland. They left Detroit on this journey before it was yet day in an automobile driven alternately by Susnjar and Klaich. The very reasonable inference is that Klaich, being present, seeing and hearing what was taking place, was necessarily conversant with the whole unlawful scheme, and entered actively into the prosecution of it. The circumstances so indicate; and conspiracy may be established by circumstances. Klaich had participated in a prior transaction of the same nature. The jury were warranted in disregarding any claim that Klaich was doing nothing further than innocently obeying the orders of his employer. An employee is not immune from punishment for his participation in criminal conspiracy upon any such idea as that his employment required him to engage therein. Hardy v. United States (C. C. A. 5) 256 F. 284, 287; United States v. Scott (C. C. Ga.) 139 F. 697, 698.

The remaining assignments of error have been considered, but are not regarded as materially important. All are therefore overruled, and the judgment is affirmed.