**UNITED STATES v. SMITH.**

No. 315.

Circuit Court of Appeals, Second Circuit.
May 20, 1940.

John S. McGovern, of Buffalo, N. Y. (Harry Lipsitz, of Buffalo, N. Y., on the brief), for defendant-appellant.

Joseph J. Doran, Asst. U. S. Atty., of Buffalo, N. Y. (George L. Grobe, U. S. Atty., of Buffalo, N. Y., on the brief), for the United States.

Before L. HAND, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

CLARK, Circuit Judge.

A Grand Jury in the Western District of New York returned four indictments relating to the maintenance of a house of prostitution in Buffalo. The first indictment charged the appellant Smith, one Funderburg, and one Few with a conspiracy, contrary to the provisions of 18 U.S.C.A. § 88, to violate several federal statutes dealing with the importation and harboring of alien girls (8 U.S.C.A. §§ 138, 144, 18 U.S.C.A. §§ 398, 402); the second charged Smith, Few, and Funderburg with harboring alien girls not entitled to reside in the United States, in violation of 8 U.S.C.A. § 144; the third charged the appellant Smith alone with maintaining, for the purpose of prostitution, an alien girl illegally imported into the United States for the purpose of prostitution, in violation of 8 U.S.C.A. § 138; the fourth charged Funderburg alone with transporting an alien girl into the United States for the purpose of prostitution, in violation of 18 U.S.C.A. § 398 and 8 U.S.C.A. § 138. The four indictments were consolidated for trial, and the jury brought in verdicts of guilty in each case. The defendant Smith, who was convicted under the first three indictments, alone appeals.

The case for the prosecution rests mainly on the testimony of two Canadian girls, Hilda Cross and Elizabeth Grace. There was ample evidence permitting the jury to believe the following story. The two girls came to Buffalo with friends on July 4, 1939, to spend the holiday. While there, they sought out Funderburg, whom they knew slightly, and passed the day with Funderburg and Few. They returned to Canada that night, but reëntered the United States the next day, telling the officers at the Peace Bridge that they intended to see a show and would return the same day. Again they encountered Few and Funderburg, and told these gentlemen that they had insufficient funds to essay the return journey to Toronto. Few generously suggested that he knew how they could earn some money, and he and Funderburg took the girls to the residence of the appellant, Anna Smith. As to what happened when they saw Smith, Grace testified as follows: "The defendant Few said 'This is Babe, and this is Jackie, they haven't got enough money to get back to Canada.' * * * She said 'All right, but don't tell anybody you're from Canada.' I stayed at this place practicing prostitution."

The two girls remained at appellant's place until July 25, 1939, when Grace returned to Canada to see her father. Before she left, appellant told her not to take any clothes because she was coming back. Funderburg accompanied her to Toronto and brought her back to appellant's residence, where both women remained until August 6. The major portion of their earnings was appropriated by Few and Funderburg. The girls were under the daily supervision of Anna Smith, and were paid regular visits by the other two defendants.

1. Appellant's first objection is addressed to the consolidation of all four indictments for trial, pursuant to 18 U.S.C.A. § 557. That statute provides: "When there are several charges against any person for the same act or transaction, or for two or more acts or transactions connected together, or for two or more acts or transactions of the same class of crimes or offenses, which may be properly joined, instead of having several indictments the whole may be joined in one indictment in separate counts; and if two or more indictments are found in such cases, the court may order them to be consolidated." Appellant objects first that the charges are not properly joinable in any event, and second that they cannot be joined when all three defendants were accused in two indictments, the appellant Smith alone was accused in a third, and Funderburg alone was accused in a fourth.

Passing the variations among the indictments in the number and personality of the defendants, the charges were certainly proper ones for joinder or consolidation. They are concerned with a continuous series of activities from July 5 to August 6, 1939, and they allege two crimes committed over the period of July 5 to August 6, a crime committed over the period of July 25 to August 6, and a crime committed on the day of July 25, 1939. They easily fit into at least two of the three alternative classifications allowed by the statute. If they did not involve the same act or transaction, at least they involved two or more acts or transactions connected together. The transactions alleged were also transactions of the same class of crimes or offenses, for they all

concerned violations of statutes dealing with the improper transportation and entry of aliens and their improper maintenance after entry. Crimes or offenses far more separate and distinct and acts or transactions considerably more apart in time and space have heretofore been joined together successfully. See United States v. Lotsch, 2 Cir., 102 F.2d 35, certiorari denied 307 U.S. 622, 59 S.Ct. 793, 83 L.Ed. 1500; United States v. Silverman, 3 Cir., 106 F.2d 750.

■■ Nor was there error in the consolidation of an indictment against one defendant with an indictment against another defendant and with indictments against all three defendants. McElroy v. United States, 164 U.S. 76, 80, 17 S.Ct. 31, 32, 41 L.Ed. 355, condemns this practice when the charges are "not provable by the same evidence, and in no sense resulting from the same series of acts," but we have not found that situation to exist here. And it has been squarely determined that where the requirements of the joinder and consolidation statute are otherwise observed, differences among defendants are not objectionable. Davis v. United States, 5 Cir., 12 F.2d 253, 256, certiorari denied 271 U.S. 688, 46 S.Ct. 639, 70 L.Ed. 1153; Caringella v. United States, 7 Cir., 78 F.2d 563, 567.

■ We are mindful of appellant's contention that she was prejudiced by the consolidation. That she suffered some disadvantage is not improbable, for, even when cautioned, juries are apt to regard with a more jaundiced eye a person charged with two crimes than a person charged with one. But Congress has authorized consolidation in the belief that public considerations of economy and speed outweigh possible unfairness to the accused. United States v. Silverman, supra. While unlimited use of this statute should not be tolerated in the name of convenience alone, consolidation should be permitted when, as here, the charges are so closely connected that all the evidence produced in court would have been admissible if any one of the indictments had been brought to trial alone. Compare 48 Harv.L.Rev. 510; 22 Minn.L.Rev. 112.

■■ 2. Appellant next attacks the sufficiency of the evidence to conquer the presumption of innocence. We shall consider first the proof under the second and third indictments. The second indictment charged the substantive crime of harboring an alien girl not entitled to enter or reside in the United States. At the time of their entry on July 5, the Cross and Grace girls were not entitled to enter the United States if they intended to engage in prostitution, as the jury could have believed. 8 U.S.C.A. § 136. At any rate they became prostitutes after their entry, and alien prostitutes are subject to deportation. 8 U.S.C.A. § 155. Clearly, they were not entitled to reside in the United States. That appellant harbored them cannot admit of doubt. True, the girls were permitted intercourse with certain members of the public, as is to be expected in their occupation. But "harbor" in the context of the statute—"conceal or harbor * * * any alien not duly admitted by an immigrant inspector or not lawfully entitled to enter or to reside within the United States"—means only that the girls shall be sheltered from the immigration authorities and shielded from observation to prevent their discovery as aliens. Susnjar v. United States, 6 Cir., 27 F.2d 223. This they certainly were. Appellant told them to reveal to no one that they were Canadians, and she instructed the Cross girl to say she was from Brownville, New York, "if the Law come in." All the elements of a violation of 8 U.S.C.A. § 144 were proven.

The third indictment alleges a violation of 8 U.S.C.A. § 138, which prohibits the importation of aliens for the purpose of prostitution, and also forbids maintaining any alien for the purpose of prostitution, in pursuance of such illegal importation. There was proof that an illegal importation took place on July 25, when the Grace girl was driven to Toronto to visit her father and then returned to Buffalo with Funderburg. Appellant aided and abetted this importation; she told Grace to have Funderburg drive her to Toronto and back, and she instructed Grace not to take any clothes with her, because she was returning. If this were not enough, appellant maintained the girl for the purpose of prostitution from July 25 to August 6, in pursuance of and with full knowledge of the illegal importation.

■ We turn now to the conviction for conspiracy. The indictment alleged a conspiracy to commit four offenses—the two substantially charged in the second and third indictments just considered, and two others, knowingly transporting a wo-

man in interstate or foreign commerce for immoral purposes (18 U.S.C.A. § 398) and employing an alien prostitute without filing a certificate containing certain information with the Commissioner of Immigration at Washington (18 U.S.C.A. § 402). Clearly there was sufficient proof for the jury to convict on the charge of conspiracy to commit the first two offenses. It is elementary that the jury needed to find a conspiracy to commit only one of the four offenses, in order to convict. But appellant was entitled to insist that if there was not sufficient proof of a conspiracy to commit any one of the four offenses, the jury should be instructed to disregard that offense, and consider only a conspiracy to commit the other three. Appellant asked the court to take the issue of a conspiracy to commit the third offense (transporting a woman for immoral purposes) away from the jury, and the court did so. Appellant neglected to request that the jury be similarly instructed to disregard the fourth offense (failing to register), but she now claims that this part of the case should never have been submitted to the jury. Whether a conspiracy to commit that offense was shown under the circumstances here disclosed is a matter we need not now decide. Appellant's failure to request an instruction as to this offense was fatal. United States v. Mascuch, 2 Cir., 111 F.2d 602, May 6, 1940.

3. We find nothing of substance in the attacks made upon rulings on evidence and upon the charge.

Affirmed.