UNITED STATES of America,

v.

**William LEV, Benjamin Danis, Arthur B. Mandel, Theodore Rider, Joseph Cohen, Robert S. Rosenberg, Domenico Guarna and Giuseppe Battaglia, Defendants.**

United States District Court
S. D. New York.

Oct. 6, 1958.

Arthur H. Christy, U. S. Atty. for the Southern District of New York, New York City, for the United States, by Jerome J. Londin, Asst. U. S. Atty., New York City, of counsel.

Tompkins & Lauren, New York City, for defendant Mandel, by Bernard R. Lauren, New York City, of counsel.

IRVING R. KAUFMAN, District Judge.

Defendant Arthur B. Mandel, one of eight defendants named in a thirty-one count indictment, moves pursuant to Rule 14, Federal Rules of Criminal Procedure, 18 U.S.C.[1] for an order severing all of the counts in which he is named.[2]

In essence, this indictment alleges a plan pursuant to which defendants Guarna and Battaglia, two importers, on numerous occasions bribed the six defendant United States Customs Inspectors, to "pass" or permit the illegal importation of quantities of haberdashery, in violation of 18 U.S.C. §§ 371, 213 and 545.

Of the 26 counts charging substantive offenses and the 5 conspiracy counts, defendant Mandel is named in substantive counts 12, 13 and 26 [3] and in conspiracy count 29. Count 12 charges defendants Mandel, Lev, Guarna and Battaglia with having smuggled merchandise into the United States on or about March 15, 1956. Count 13 charges that on or about the same day defendant Customs Inspectors Mandel and Lev solicited and received bribes from defendant Guarna. The other substantive counts charge smuggling and bribery involving the importers and Customs Inspector defendants other than Mandel. Count 29, alleging a conspiracy, names Mandel as defendant and Lev, Danis, Guarna and Battaglia as coconspirators but not as defendants. Mandel is not named in the other conspiracy counts.

Defendant Mandel contends that the indictment connects him with only one incident, the alleged smuggling on March 15, 1956 and its attendant bribery, and that it nowhere charges him with any involvement or knowledge of the illegal activities of defendant Inspectors Rider, Cohen and Rosenberg. Thus Mandel quite properly concludes that the indictment charges five separate conspiracies, in four of which he is not named, as well as a number of substantive offenses not involving him.

Relying principally on Kotteakos v. United States, 1946, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557, Mandel argues that it will be impossible for him to receive a fair trial if he is tried jointly with the other defendants who are charged with separate crimes.

The question of joinder of parties defendant is governed by Rule 8(b) of the Federal Rules of Criminal Procedure which provides:

"Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses.   *   *   *."

The instant indictment satisfies these requirements. The Government urges that the offenses charged are all part of the same series of transactions; that the conspiracy involving Mandel is coterminous in time with the other conspiracies and involves the same persons. It is the position of the Government, that while technically, five separate conspiracies are charged, they all flow from the same overall plan or scheme. See United

---

**1.** Rule 14 reads:
   "If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires."

**2.** Mandel had also moved for severance of count 26 from counts 12, 13 and 29, to which the Government consents. Because of the Government's consent to the severance of count 26, defendant's companion motion to suppress evidence relating to that count was withdrawn.

**3.** For the disposition of this count see footnote [2], supra.

States v. Cohen, 2 Cir., 1944, 145 F.2d 82, certiorari denied, 1945, 323 U.S. 799, 65 S.Ct. 553, 89 L.Ed. 637. Whatever may be developed at the trial, my own reading of the indictment confirms the interpretation placed upon its language by the Government.

■ I am well aware that there are situations where, though joinder is technically proper under Rule 8(b) there exists such danger of undue prejudice to a defendant that the court should exercise the discretion granted under Rule 14[4] to order severance. United States v. Central Supply Ass'n, D.C.N.D.Ohio 1947, 6 F.R.D. 526, 533.

On the other hand, some danger of prejudice is attendant upon all trials involving multiple defendants, particularly conspiracy trials. See United States v. Cohen, supra, 145 F.2d at page 95 and public policy considerations of economy and speed in the administration of justice require that severance be denied in the absence of a clear-cut showing of prejudice against which the trial court will not be able to afford protection. United States v. Silverman, D.C.Conn. 1955, 129 F.Supp. 496, 500; United States v. Atlantic Commission Co., D.C. E.D.N.C.1942, 45 F.Supp. 187, 190; see also, United States v. Smith, 2 Cir., 1940, 112 F.2d 83, 85.

■ I find that the defendant Mandel has not made such a showing. The mere fact that eight defendants are named does not lead one to the inescapable conclusion that undue prejudice must result.[5] Nor can I say, at this stage in the proceedings, that the subject matter of the indictment appears to be of so complex or technical a nature as to make the jury's task of separately assessing the evidence relating to each defendant impossible or unduly complex. See Berger v. United States, 1935, 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314; United States v. Samuel Dunkel & Co., 2 Cir., 1950, 184 F.2d 894, certiorari denied, 1951, 340 U.S. 930, 71 S.Ct. 491, 95 L.Ed. 671; United States v. Liss, 2 Cir., 137 F.2d 995, certiorari denied, 1943, 320 U.S. 773, 64 S.Ct. 78, 88 L.Ed. 462. Of course, should the trial judge ultimately determine that the defendant's rights cannot adequately be protected at a joint trial, he will be able to afford the defendant the appropriate relief at that time.[6]

The situation here differs from that in Kotteakos v. United States, supra. There, the indictment charged 31 defendants with a single conspiracy. At the trial of nineteen of the defendants the proof showed eight separate and distinct conspiracies, connected only by the involvement of one defendant, Brown,[7] in

---

4. Opper v. United States, 1954, 348 U.S. 84, 95, 75 S.Ct. 158, 99 L.Ed. 101. Defendant Mandel's moving affidavit makes it abundantly clear that this motion is addressed to the court's discretion. It concludes: "In sum, we respectfully submit, that unless there be a severance here, defendant Mandel will, as a practical matter, be in one boat with the other defendants, sink or swim, regardless of his true guilt or innocence and notwithstanding the fact that many in that same boat are not alleged to be either his co-conspirators or even connected with him in any illegal way."

5. See Allen v. United States, 7 Cir., 1924, 4 F.2d 688, 698–699, certiorari denied

sub nom. Mullen v. United States, 1925, 267 U.S. 598, 45 S.Ct. 353, 69 L.Ed. 806, in which the joint trial of 75 defendants was held not to be so prejudicial as to require reversal.

6. See Opinion by Palmieri, J., in United States v. Stromberg, D.C.S.D.N.Y.1957, 22 F.R.D. 513; Federal Treatment of Multiple Conspiracies, 57 Colum.L.Rev. 387, 405 (1957).

7. The defendant Brown pleaded guilty during trial. Thus "the 'hub' man [was] out of the case when it reached the appellate courts * * *." Monroe v. United States, 98 U.S.App.D.C. 228, 234 F.2d 49, 54, certiorari denied, 1956, 352 U.S. 873, 77 S.Ct. 94, 1 L.Ed.2d 76.

all of them. The Supreme Court found this variance between pleading and proof fatal. In its opinion the Court condemned the practice of trying defendants "en masse" for a "conglomeration of distinct and separate offenses committed by others." 328 U.S. at page 775, 66 S.Ct. at page 1253.

The instant case could be easily distinguished from Kotteakos solely on the basis of numbers upon which the Court there placed great emphasis.[8] But, the distinction runs far deeper. In Kotteakos, the defendants, indicted under a single conspiracy count, were denied the benefit of restrictive instructions by the trial court, while this indictment has been drawn so as to afford the defendants such instructions. See Canella v. United States, 9 Cir., 1946, 157 F.2d 470. Further, in Kotteakos each conspiracy was an entirely separate transaction whereas in this case we really have a continuing conspiracy. As a result, severance in this case might well compel the Government to go through multiple trials involving substantially the same proof, an unnecessary and vexatious result not likely in the Kotteakos situation. There is no reason to believe, at this posture of the case that under the guiding hand of a competent trial judge, the right of the defendant to a fair and impartial trial at which his guilt or innocence will be separately considered will be impaired.

The motion is accordingly denied with leave to the defendant to renew at the trial if it appears that undue prejudice is the result of the instant joinder.

The motion to sever count 26 is granted upon consent.

So ordered.

8. Compare, Berger v. United States, 1935, 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314; see, Note, Federal Treatment of Multiple Conspiracies, 57 Colum.L.Rev. 387, 403–404 (1957).