UNITED STATES of America

v.

Rudolph E. BOYANCE, Lenox B. Markley, William Keifaber, a/k/a William Kefaber, a/k/a Russell William Tuckett, Edward Ellis, Herman Myron Feldman, a/k/a "Muzzy", Edwin Bescoe, Samuel Gold, John David Roberts.

Crim. No. 20914.

United States District Court
E. D. Pennsylvania.

March 20, 1962.

Edward F. Kane, Asst. U. S. Atty., for plaintiff.

Jonathan D. Dunn, Doylestown, Pa., for the motion, for defendant Markley.

VAN DUSEN, District Judge.

An indictment was returned against defendant Markley and seven other defendants which charges in Count I that the defendants conspired to violate 18 U.S.C.A. §§ 472 and 473, in violation of 18 U.S.C.A. § 371.[1] There are 13 overt acts set forth under Count I which are alleged to have been done in furtherance of the conspiracy and to effect the objects, designs and purposes of said conspiracy. Defendant Markley is mentioned as having participated in two of the "Overt Acts" which are set forth in this Count of the indictment. Counts II–V of the indictment charge two of the defendants (Keifaber and Boyance) with violations of 18 U.S.C.A. § 472 and three of them (Boyance, Keifaber and Roberts) with violation of 18 U.S.C.A. § 473.

Defendant Markley has filed a Motion For Severance and For A Separate Trial (Document No. 26), which motion is presently before the court. The Motion alleges that he will be prejudiced unless the relief sought is granted because he is only charged with conspiracy and some of the other defendants are indicted for possessing and uttering counterfeit $20

Federal Reserve notes, he has never been charged with a crime and has a good reputation,[2] he was only arrested because of alleged association with the other defendants, and the trial with the other defendants would tend to impeach the presumption of his good character and would severely prejudice a jury against him.

It is the Government's position that defendant Markley has not established that he would be prejudiced and that the Motion should be denied because, among other reasons, the Government should not have to conduct two trials on this indictment. It is the estimate of the Government that the trial of this case will necessitate at least 20 Government witnesses and that the presentation of its case will take 9 to 10 days of trial.

■ If it appears that a defendant will be prejudiced by a joinder of defendants in an indictment or by a joint trial, the court may order separate trials of counts, grant a severance of defendants, or provide whatever other relief justice requires. F.R.Crim.P. rule 14, 18 U.S.C.A. Whether or not a severance should be granted and separate trials held rests in the discretion of the court.[3]

■■ Persons jointly indicted should be tried together except on a strong showing of prejudice.[4] In conspiracy

1. 18 U.S.C.A. § 371 is the general conspiracy section relating to conspiring to commit an offense against the United States or to defraud the United States. 18 U.S.C.A. § 472 deals with the uttering of counterfeit obligations or securities and 18 U.S.C.A. § 473 concerns dealing in counterfeit obligations or securities.

2. Defendant Markley has never been charged with a crime before and, at the time of the indictment and until January 1962, was an elected County official. Several of the co-defendants have been convicted previously of felonies. See letter of February 28, 1962, attached to the Government's brief (Document No. 28).

3. Delli Paoli v. United States, 352 U.S. 232, 237, 77 S.Ct. 294, 1 L.Ed.2d 278 (1957); Stilson v. United States, 250

U.S. 583, 585–586, 40 S.Ct. 28, 63 L.Ed. 1154 (1919); Dauer v. United States, 189 F.2d 343, 344 (10th Cir. 1951).

4. United States v. Bowman, 137 F.Supp. 385, 386 (D.D.C.1956). In United States v. Lev, 22 F.R.D. 490 (S.D.N.Y.1958), the court stated at page 492:
"I am well aware that there are situations where, though joinder is technically proper under Rule 8(b) there exists such danger of undue prejudice to a defendant that the court should exercise the discretion granted under Rule 14 to order severance. (Citing cases.)
"On the other hand, some danger of prejudice is attendant upon all trials involving multiple defendants, particularly conspiracy trials. See United States v. Cohen, supra, 145 F.2d at page 95 and public policy considerations of economy

cases, where a charge against all the defendants may be largely proved by the same evidence, a severance should not be granted except for very strong reasons. United States v. Cohen, 124 F.2d 164, 165–166 (2nd Cir. 1941); United States v. Atlantic Commission Co., 45 F.Supp. 187, 190 (E.D.N.C.1942); United States v. Mesarosh, 13 F.R.D. 180, 185 (W.D. Pa.1952).

The argument of defendant Markley to the effect that prejudice would result if the Motion was not granted because the indictment merely alleges that he was in the presence of the other defendants is not persuasive. The indictment is sufficient insofar as it relates to Markley[5] and satisfies the requirements of F.R. Crim.P. rule 8(b) as to joinder.[6]

Markley's argument that he would be unduly prejudiced because of the reputation of the other defendants is likewise rejected. United States v. Stracuzza, 158 F.Supp. 522, 524 (S.D.N.Y.1958); United States v. Postma, 242 F.2d 488, 493 (2nd Cir. 1957), cert. den. 354 U.S. 922, 77 S.Ct. 1380, 1381, 1 L.Ed.2d 1436 (1957). Markley asks this court to take judicial notice of the fact that it is possible that one or more of the other defendants might sign a confession which "may or may not be, in accordance with the rules of criminal procedure, admissible against Defendant Markley"[7] and that such a confession would prejudice his rights since he was only indicted on the conspiracy count. There is no evidence that there is any such confession in the hands of the Government[8] and, even if there were such a confession, there is no reason for a holding at this time that the trial judge would not properly instruct the jury regarding its admissibility and thus protect the rights of defendant Markley.[9]

 Defendant Markley has not shown that he would be unduly prejudiced by a trial of his case held jointly with that of the co-defendants. If the instant Motion were granted, the necessity of relitigating the matter might well prejudice the Government and the administration of the business of this court because of the extra time it would involve.[10] Under these circumstances, the Motion will be denied.[11]

---

and speed in the administration of justice require that severance be denied in the absence of a clear-cut showing of prejudice against which the trial court will not be able to afford protection."

5. United States v. Gilboy, 160 F.Supp. 442, 452 (M.D.Pa.1958).

6. See United States v. Lev, 22 F.R.D. 490, 491 (S.D.N.Y.1958).

7. See page 4 of Document No. 27.

8. It is noted that one of the defendants pleaded guilty to the crimes charged in the indictment.

9. See United States v. Caron, 266 F.2d 49, 51 (2nd Cir. 1959); United States v. Brennan, 134 F.Supp. 42, 51 (D.Minn. 1955); United States v. Mesarosh, supra.

10. See United States v. Greater Blouse etc., Contractors' Ass'n, 177 F.Supp. 213, 222 (S.D.N.Y.1959).

11. See, e. g., Pitts v. United States, 105 U.S.App.D.C. 184, 265 F.2d 376 (1959); Dauer v. United States, supra.