UNITED STATES of America, Plaintiff,

v.

William B. RHOAD, Defendant.

No. CR–2–98–127.

United States District Court,
S.D. Ohio,
Eastern Division.

Sept. 4, 1998.

Samuel Bernard Weiner, Columbus, OH, for Defendant.

### ORDER

MARBLEY, District Judge.

This cause comes before this Court on the Government's Motion In Limine to exclude evidence relating to Defendant's "following orders" affirmative defense. For the reasons set forth below, the government's motion is **GRANTED.**

Defendant William B. Rhoad is charged with violating 33 U.S.C. § 1319(c)(4) and 18 U.S.C. § 2. Section 1319(c)(4) of the Clean Water Act ("the Act"), imposes criminal penalties upon "[a]ny person who knowingly makes any false material statement . . . in any document filed or required to be maintained under this chapter." The United States moves, *in limine*, for this Court to exclude evidence the Government anticipates will be proffered by Defendant to the effect that, because he was merely following the orders of his supervisors, he is not liable for any misrepresentation.

The "following orders" defense is not cognizable under the Act. Criminal liability is imposed under the Act, irrespective of whether the Defendant acted pursuant to his supervisors' orders. The language of § 1319(c)(4) criminalizes *any* knowing falsification of documents. As the Sixth Circuit noted in *Susnjar v. United States*, 27 F.2d 223, 224 (6th Cir.1928), "[a]n employee is not immune from punishment for his participation in criminal conspiracy upon any such idea as that his employment required him to engage therein." Following the reasoning in *Susnjar*, the Eleventh Circuit likewise held "[i]f [the defendant] was aware of the illegality of his conduct, the fact that it was authorized by a superior clearly cannot insulate him from criminal liability." *United States v. Gold*, 743 F.2d 800, 823–24 (11th Cir.1984). As in this case, *Gold* involved defendants charged with defrauding the government.

In his Memorandum in Opposition, Defendant argues that he needs to present such evidence so the jury "can rightfully decide precisely what was the nature and the status of the relationship between Mr. Rhoad, his supervisors, and the corporation." Such evidence is irrelevant to the issues in this case and, therefore, inadmissible.

The pertinent inquiry in this case is whether Defendant knowingly falsified documents, not whether he knew that falsification of the documents was a criminal offense. Indeed, "knowingly" in § 1319(c)(4) does not require proof that defendant knew his acts violated the Clean Water Act, *U.S. v. Hopkins*, 53 F.3d 533, 541 (2d Cir.1995). As the Court in *U.S. v. Weitzenhoff*, 35 F.3d 1275 (9th Cir. 1993), held, "criminal sanctions are to be imposed on an individual who knowingly engages in conduct that results in a permit

violation, regardless of whether the polluter is cognizant of the requirements or even the existence of the permit". *Id.* at 1284. Thus, the only question is whether Mr. Rhoad knew that he was making false statements, *not* whether he was told to do so—even if such instruction led him to believe that document falsification was permissible.

For the above reasons, the Government's Motion in Limine is **GRANTED.**

**IT IS SO ORDERED.**