Charles Edward **WILLIAMS**,
Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 16101.

United States Court of Appeals
Fifth Circuit.

Nov. 6, 1956.

Rehearing Denied Dec. 7, 1956.

**217**

Wesley R. Asinof, Atlanta, Ga., Lamar N. Smith, Toccoa, Ga., for appellant.

John W. Stokes, Jr., Asst. U. S. Atty., James W. Dorsey, U. S. Atty., Atlanta, Ga., for appellee.

Before TUTTLE, CAMERON and JONES, Circuit Judges.

TUTTLE, Circuit Judge.

The appellant here complains of his sentence of three years upon conviction of one count of conspiracy alleging the object of the conspiracy to be the violation of seven distinct provisions of the liquor laws, of which, as substantive offenses, six would be felonies and one a misdemeanor. Admitting that there was substantial evidence from which the jury could have found him guilty of conspiring to violate each of the seven sections, appellant says that the jury's simple verdict of guilty on the charge of conspiracy, under the charge of the court that they need not find the accused guilty of conspiracy to violate more than one of the sections for a verdict of guilty, left open the possibility that the jury convicted him of that part of the conspiracy to violate the misdemeanor statute only, and for such a verdict the maximum permissible penalty was thirty days in jail and a $1,000 fine.

 This is a novel question. It arises doubtless because of a relatively recent change in the punishment provisions of the Federal conspiracy statute. Prior to 1948 the law provided that conspiracy to violate *any* Federal criminal statute was punishable by a sentence of two years. This statute, which permitted the Government to turn into a felony what was stated to be a misdemeanor by merely charging that two or more persons conspired to violate the misdemeanor statute, was changed in 1948. The law now authorizes maximum punishment of 5 years and $10,000 fine, but it also provides that if the object of the conspiracy is to commit a misdemeanor *only* the punishment should not exceed that prescribed for the misdemeanor.[1] There is, however, nothing in the language of the new statute to suggest a change in the rule of the case of Braverman v. United States, 317 U.S. 49, 63 S.Ct. 99, 87 L.Ed. 23, that a single agreement is a single crime, no matter how many illegal objects it encompasses, and even if some of them are felonies and others misdemeanors. In 1948 conspiracy became a crime with two degrees: a felony if even one of the objects is a felony, a misdemeanor otherwise.

The indictment here charged "that * * * defendants did * * * conspire * * * to commit certain offenses against the laws of the United States, to wit: * * *." Then followed seven numbered paragraphs, each of them describing the violation of a separate provision of the liquor laws. Six of them related to felonies; one of them, that charging possession of property intended for use in the manufacture of spirits, related to a misdemeanor, for which the maximum punishment is 30 days imprisonment and a $1,000 fine.

At the conclusion of the trial in which appellant concedes there was sufficient

1. "§ 371. *Conspiracy to commit offense or to defraud United States*
 "If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined not more than $10,000 or imprisoned not more than five years, or both.
 "If, however, the offense, the commission of which is the object of the conspiracy, is a misdemeanor only, the punishment for such conspiracy shall not exceed the maximum punishment provided for such misdemeanor."
 18 U.S.C.A. § 371.

evidence on which the jury could have found a conspiracy to violate all seven offenses, the jury found a general verdict of "guilty." Before submitting the case to the jury the court charged:

> "It is not necessary, as I will charge you later, that the Government should prove all of these overt acts, or all of these alleged purposes of the alleged conspiracy."

And later:

> "So you would take these various alleged defendants and see if any one of these defendants, there are seven of them named, if either one of these defendants named conspired with any other defendants named or conspired with any other person who is not a defendant, who is named in here as an alleged conspirator, to violate any one or more of the provisions of law enumerated, starting with the letter (A) and going through (G) and then if you find such agreement was made between such persons, then go further and see if any one or more of these persons who entered into such alleged conspiracy did any one or more of the overt acts toward the furtherance of the conspiracy as set out in the indictment."

No requests to charge were made, and appellant took no exception to the court's charge as given. Nor did the appellant object to the form of the indictment nor request a clarification of the verdict nor request a new trial on the ground of an incorrect charge.

 It is not disputed by the appellant that in a conspiracy prosecution the judge may properly charge the jury that it need not find the accused conspired to commit all of the offenses charged in the indictment. This being the rule of law applicable to such a trial, it must have been apparent to the accused, upon arraignment and at all times thereafter, that there should be some effective separation of the misdemeanor offense from the six felony offenses in the consideration by the jury. It was open to appellant in the light of this rule of law to object to the form of the indictment.[2] This he did not do. Having failed to do that, he could then have requested a charge to the jury that would have called either for a special verdict or for a verdict indicating the degree of the offense under Federal Rules of Criminal Procedure, rule 31(c), 18 U.S.C.A. Such a charge could have required the jury to specify which offense or offenses they found the conspiracy was concerned with if they found the accused guilty. Appellant did not ask for this. Moreover, he was silent, making no objection to the charge as given which clearly told the jury that they could convict him of the crime of conspiracy if they found the object of the conspiracy to be the violation of any one of the seven offenses named in the indictment, thus putting him in the danger of being found guilty without any ascertainment of which degree of criminality was found. In the light of the law affecting the measure of punishment, any error in this charge should have been called to the court's attention in order that it could have the jury pass on this important issue, either by requiring a special verdict or by limiting their general verdict to a designated degree of the offense. See Kaye v. U. S., 7 Cir., 177 F. 147, for decision of a somewhat similar question.

2. Contrary to the contention of the Government, the decisions in Braverman v. United States, 317 U.S. 49, 63 S.Ct. 99, 87 L.Ed. 23, and in Frohwerk v. U. S., 249 U.S. 204, 39 S.Ct. 249, 63 L.Ed. 561, do not require that all the illegal objects of a conspiracy be set forth in a single count of the indictment. Frohwerk merely held that a count is not bad for duplicity for alleging a conspiracy with two illegal objects, and Braverman states that even if the illegal objects of a single conspiracy are set forth in several counts only a single punishment may be imposed. Both these decisions antedate the 1948 change in the conspiracy statute. Under the present law it would appear to be the better practice to list all the felonies and all the mere misdemeanor objects of a conspiracy in separate counts, to avoid the complications that gave rise to this case.

Thereafter, when the jury had returned its verdict of guilty without any indication which of the offenses they had found the accused had conspired to commit, there was a further opportunity for counsel to ask the court to have this matter clarified. Anderson v. U. S., 2 Cir., 294 F. 593; Bernhardt v. U. S., 6 Cir., 169 F.2d 983. This he failed to do.

The failure of counsel to call to the attention of the trial court in any manner his concern lest a general verdict of guilty might result in the imposition of the higher sentence, whereas a conspiracy to violate the misdemeanor would justify only a thirty day sentence, emphasizes the reason for Rule 30 of the Federal Rules of Criminal Procedure to the effect that

"No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury."

Here, it was only after the jury's verdict had been recorded and the jury discharged that the court's attention was called to the possible jeopardy to accused of letting the case go to the jury in the manner it did.

██ Although this court may consider an appeal from clear and prejudicial error even when such error is not called to the attention of the trial court, or is not "preserved," as we say, we are not disposed to do so unless to correct manifest injustice. We do not think this is such a case.

The situation here, at the conclusion of the trial after the jury's verdict had been recorded, was much the same as results when a jury returns a verdict of "guilty" on a murder indictment where it has the power to find the accused guilty of a lesser included offense. Rule 31 (c), Federal Rules of Criminal Procedure, provides, as did the statute formerly, that:

"(c) *Conviction of Less Offense.* The defendant may be found guilty of an offense necessarily included in the offense charged or of an attempt to commit either the offense charged or an offense necessarily included therein if the attempt is an offense."

The defendant's position here is even weaker than that presented to the Supreme Court in St. Clair v. U. S., 154 U. S. 134, 14 S.Ct. 1002, 1010, 38 L.Ed. 936. There the trial court refused a request to charge the lesser includible offense law which was available to the accused. The proper exception, which was then required, was not taken, and the Supreme Court held that although the jury could properly have found the accused guilty of a lesser offense than murder its general verdict of guilty would be construed as if it had used the added words " 'as charged in the indictment.' " Here, of course, if we are to import the words " 'as charged in the indictment' ", it is clear that the verdict supports a sentence as for a conspiracy to commit a felony.

We have been unable to find any decided cases precisely in point on the matter raised by this appeal. We think, however, that the decision of this court in Huff v. U. S., 5 Cir., 192 F.2d 911, points the way in which we should proceed. The Huff case involved the question as to whether the longer sentence for a conspiracy conviction following the passage of the 1948 amendment could stand when the indictment charged, and proof was adequate to support the charge, that some of the overt acts had been committed before the law was amended. This court held that the conspiracy was a continuing crime, being an agreement coextensive in time with the overt acts, and since acts alleged in the indictment also occurred after the law was amended, and since but one crime was involved, the verdict of guilty comprehended the agreement and the acts at every stage of the alleged conspiracy. Neither at the trial nor on appeal did the defense raise the point that the jury's verdict of guilty was not necessarily based on any of the overt acts alleged to have occurred after the law had been

amended. See also Rosenberg v. U. S., 346 U.S. 273, 295, 299, 304, 73 S.Ct. 1152, 97 L.Ed. 1607.

 There is yet another reason why no relief may be granted to this appellant. His theory in effect is that the instructions of the court, applied to the indictment, reduced the charge to that of a misdemeanor, and that the jury verdict therefore means: "guilty of misdemeanor conspiracy." He asserts that there was no error in either the indictment or the charge, at least no error to which he was obliged to object as prejudicial to his position. Thus he accepts the verdict as valid and the only relief he requests is to have his sentence conformed to his interpretation of the verdict. This is similar to relief that, if appropriate, might be granted under either Rule 35 or under 28 U.S.C.A. § 2255.

Here, however, such relief is not appropriate. The sentence was a valid sentence on a verdict of guilty of felony conspiracy. The verdict must be read as guilty " 'as charged in the indictment' ", St. Clair v. United States, supra, and here the indictment, even if perhaps technically defective, charged a felony. The court did not, by its erroneous instructions, change the degree of the crime charged in the indictment, as it could have done by striking each of the felony objects and instructing the jury to disregard them—for unless they were thus stricken the jury, under the appellant's theory, could convict him of a misdemeanor upon evidence of a felony. Appellant cites no authority for his proposition that a verdict should be read in light of the charge rather than in light of the indictment. The rule appears to be that if a verdict is patently ambiguous some rules of construction may be applied to it, principal among which is the rule of guilty of the highest degree of the crime charged, Craemer v. State of Washington, 168 U.S. 124, 18 S.Ct. 1, 42 L.Ed. 407; St. Clair v. United States, supra; if these are inadequate the verdict must usually fall entirely. United States v. Di Matteo, 3 Cir., 169 F.2d 798; United States v. Crescent-Kelvan Co., 3 Cir., 164 F.2d 582; Soper v. United States, 9 Cir., 27 F.2d 648. There is, however, no authority for importing latent ambiguities into the verdict by reference to the charge or to the evidence— if those are such as to make the verdict ambiguous they are erroneous and the verdict must fall for error at the trial, unless the error is waived by the defendant. There is no power in the trial or the appellate courts to speculate about what the jury might have based their verdict on in view of the erroneous charge, and here the appellant wishes this Court to take the 1:126 chance that the jury found him guilty only of a misdemeanor.

 Defendant does not ask for a new trial on account of errors committed at the trial—he asserts that there were no errors prejudicial to him. He has not moved for a new trial in the district court on this ground, and nothing in the record before us shows that this matter was even brought to the attention of the trial judge, though in the argument both counsel agreed that the matter had been discussed extensively with the court before sentence was imposed. In view of appellant's limited request for relief it is not clear that this court could order a new trial without infringing appellant's right to be free of double jeopardy, particularly since a new conviction could result in a sentence of up to five years imprisonment. It is, of course, established that where a new trial is granted at the initiative of the defendant who has moved to void a judgment imposed on him he cannot claim double jeopardy; but here appellant asserts the validity of the verdict and therefore it is not certain that his request for a reinterpretation of the verdict and consequent change in the sentence is a sufficient waiver of his right not to be tried again to enable this Court to make such an order.

 In brief, the relief requested, a reduced sentence, is one that this Court cannot give in this case. The relief that would normally be available upon the facts found here, a new trial, is neither desired by the appellant, presumably because of the apparent risk, nor does he assert any grounds upon which it could

be granted since he claims that there were no errors at the trial, nor has this Court been able to find any grounds why his waiver of the errors at the trial should be excused. Defendant cannot escape his proper punishment by causing or negligently permitting error in his trial, then refusing to appeal for a new trial free from error, and finally asserting that the error was in his sentence rather than at the trial. The Supreme Court has held that: "The Constitution does not require that sentencing should be a game in which a wrong move by the judge means immunity for the prisoner." Bozza v. United States, 330 U.S. 160, 166–167, 67 S.Ct. 645, 649, 91 L.Ed. 818, and similarly there is no reason why a criminal defendant should be permitted to condone error by silence, prevent complete reconsideration by failure to request a new trial, and then assert the same error upon tenuous grounds for the limited purpose of emasculating a verdict admittedly based on sufficient, legal evidence.

We conclude that such jeopardy as faced the accused was inherent in the form of the indictment and his failure to seek relief by way of motion to correct the indictment, or by any action at the time of the court's charge or after verdict, worked an effective waiver of such error as occurred

The judgment is

Affirmed.