UNITED STATES of America

v.

Charles HAIM et al., Defendants.

United States District Court
S. D. New York.

July 8, 1963.

Robert Morgenthau, U. S. Atty., New York City (Daniel P. Hollnan, Asst. U. S. Atty., of counsel), for plaintiff.

Garey & Garey, New York City, John D. Roeder, New York City, of counsel, for defendants Haim and Goddards Ltd.

Thomas H. Casey, New York City, for defendant Scheer.

EDELSTEIN, District Judge.

The Government has filed an eighty-five count indictment which alleges that Charles Haim, Sidney Haim, Gladys Scheer, and a corporate defendant, Goddard's Ltd., together with other defendants conspired to violate several federal criminal statutes by importing Dutch whiskey into the United States under the guise that the Dutch whiskey was "Scotch" whiskey.

These named defendants have now moved to dismiss the indictment, urging five separate grounds of attack.[1] Some of the grounds for objection involve the relationship and alleged duplication of the criminal charges and a thorough review of the Government's allegations is necessary in order to comprehend clearly the precise nature of the defendant's objections.

The first Count charges that the movants, together with nine other co-conspirators, violated the general conspiracy statute, 18 U.S.C. § 371,[2] by conspiring to violate four different statutory sections, i. e., 18 U.S.C. §§ 542, 1001, 49 U.S.C. § 121 and 26 U.S.C. § 5683. Section 1001, referred to as the false statements or entries section, in general, makes it a crime to wilfully or knowingly make a false writing or document in any matter within the jurisdiction of any government department or agency;[3] § 542 punishes the introduction of imported merchandise into the United States by means of any false statements or writings or declarations without reasonable cause to believe the truth of such statement.[4] Section 121 of Title 49 makes it a crime to knowingly or with intent to defraud falsely make or alter a bill of lading purporting to represent goods received in foreign commerce. 26 U.S.C. § 5683, as amended, 26 U.S.C.A. § 5683 (Supp.1963) is somewhat more specific as it interdicts the transportation or removal of liquors under improper names or brands.

The Government alleges that the movants conspired with foreign nationals who distilled the whiskey in Holland and then shipped it from Rotterdam, Holland, to the United States in bottles, casks, and barrels, falsely labeled as legitimate Scotch distilled whiskey. In order to carry out the scheme the Government alleges that the conspirators prepared false bills of lading showing the origin of the shipments to be Glasgow, Scotland. Additionally, it is charged that the Haims and Gladys Scheer, the Haims' secretary, prepared false official British Customs documents known as "Certificates in Respect of Spirits Exported to the United States of America," which they filed with the United States Collector of Customs in various ports of entry in the United States. The culmination of this illicit project to traffic in Dutch "Scotch" was the sale of spurious Scotch whiskey to various purchasers throughout the United States.

---

1. Motions for discovery and inspection and to dismiss the indictment on the ground that unauthorized persons were in the grand jury room and to suppress evidence were withdrawn at oral argument.

2. § 371. Conspiracy to commit offense or to defraud United States:

"If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined not more than $10,000 or imprisoned not more than five years, or both.

"If, however, the offense, the commission of which is the object of the conspiracy, is a misdemeanor only, the punishment for such conspiracy shall not exceed the maximum punishment provided for such misdemeanor."

3. See footnote 10 infra.

4. See footnote 11 infra.

Counts two through eighty-four of the indictment are substantive counts. These accuse the Haims, Gladys Scheer, and two Panamanian corporations with which the Haims are connected, with knowingly making false statements and representations in each of eighty-three official British Customs documents filed with United States Customs officials in violation of 18 U.S.C. §§ 1001 and 1002. Count eighty-five of the indictment charges defendant Gladys Scheer with committing perjury before a Grand Jury in the Southern District of New York on February 8, 1962. See 18 U.S.C. § 1621.

Defendants Charles Haim, Sidney Haim, and Goddard's Ltd. joined by the defendant Gladys Scheer, have moved to dismiss the indictment on several grounds. First, they move to dismiss Counts one through eighty-four on the ground that their inclusion in the indictment violates the guarantee of the Sixth Amendment to the United States Constitution that defendants shall have the right of compulsory process. The defendants contend that the Government, by charging them with conspiring with alien defendants and co-conspirators who are not subject to the subpoena powers of the United States Courts, has effectively deprived them of their right to compel the attendance of witnesses who may be of assistance to the defendants in denying the allegations of the indictment. Second, these defendants move to dismiss the conspiracy count, Count one, on the ground that it charges a conspiracy to commit both a misdemeanor and a felony and consequently prejudices them inasmuch as they are unable to ascertain from the face of the indictment whether they will plead, or be tried, on a greater or lesser offense. Third, they move to dismiss Counts two through eighty-four on the ground that the language of each Count charges two separate and distinct crimes and thus each Count is duplicitous. See Fed.R.Crim.P. 8(b). Fourth, the movants seek to sever Count eighty-five from the indictment on the ground that it charges one of the other defendants, Gladys Scheer, with acts of perjury before the Grand Jury which are not directly connected with the crimes charged on the first eighty-four Counts of the indictment and are not part of the same series of acts or transactions. See Fed.R.Crim.P. 8(b).

The defendant Gladys Scheer, in addition to joining in the previous motions, moves on her own behalf to dismiss the indictment on the ground that she was forced to testify before the Grand Jury without "waiving immunity" and was not advised of her right to remain silent, and was not advised of her status as a potential defendant.

## I.

## DENIAL OF COMPULSORY PROCESS

The defendants' initial motion is to dismiss Counts one through eighty-four on the ground that the indictment, as framed, has effectively denied and foreclosed the movants from exercising their right of compulsory process which is guaranteed by the Sixth Amendment.[5] The indictment charges that in order to accomplish the scheme of illegal importation the movants conspired with several foreign corporations and aliens. The movants draw attention to the fact that these corporations, being Dutch and English companies, have their offices and corporate records in either England or the Netherlands, and that consequently, information vital to their defense is outside the jurisdiction of this court. The movants claim that the indictment has

5. "Amendment VI—Jury Trial for Crimes, and Procedural Rights

"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the Witnesses against him; to have compulsory process for obtaining Witnesses in his favor, and to have the Assistance of Counsel for his defence."

been constructed in such a manner as to foreclose the defendants from obtaining evidence from these European corporations and aliens, which evidence the defendants deem essential to negate the Government's case in chief.

■ Although this court is empowered to subpoena under specified conditions a United States citizen or resident to testify in proceedings here, the court has no power to compel the attendance of aliens when such are, at the time of the request, inhabitants of a foreign country. See 28 U.S.C. § 1783 (1952).[6] Burgman v. United States, 88 U.S.App.D.C. 184, 188 F.2d 637 (1951), cert. denied, 342 U.S. 838, 72 S.Ct. 64, 96 L.Ed. 1347 (1951); Gillars v. United States, 87 U.S. App.D.C. 16, 182 F.2d 962, 978 (1950); United States v. Best, 76 F.Supp. 138 (D.Mass.1948), affirmed sub. nom. Best v. United States, 184 F.2d 131 (1st Cir., 1950). Cf. United States v. Thompson, #28073, 2d Cir., 1963, 319 F.2d 665.

In support of their position defendants contend that it may be necessary for them to show, for example, their relationship, or lack of it, with distillers and whiskey brokers in Scotland and England as well as with the Dutch defendants. The movants point out that the indictment renders them helpless to call potential witnesses who would have knowledge of the facts in dispute and that their defense is entirely dependent upon the fortuity that witnesses will voluntarily appear. Furthermore, the defendants assert that the same disability faces them with respect to foreign corporate records. Defendants conclude that they are at the mercy of the volition of witnesses who might—or might not—desire to help them, and consequently they are deprived of their right to compulsory process.

The parties have not cited any case— and this court's independent research has not revealed any—in which this novel contention was considered on a motion to dismiss the indictment. However, recently in United States v. Greco, 298 F.2d 247, 251 (2d Cir., 1962), cert. denied, 369 U.S. 820, 82 S.Ct. 831, 7 L.Ed.2d 785 (1962), the defendant raised the question at another stage of the proceedings when he sought to have his conviction reversed, *inter alia*, on the ground that he had been denied his constitutional right to compel foreign based witnesses to attend the trial. Greco was convicted of transporting and receiving stolen Canadian securities in interstate and foreign commerce, 18 U.S.C. §§ 2314 and 2315, and of conspiracy to commit those offenses. At no time either prior to or during the trial did the defendant state the names of witnesses, if any, that would have been called. Nor did he move to take the testimony of any witness in Canada. Greco argued that his constitutional rights were violated because the theft, which was the essential element of the crimes charged, occurred in Canada and that he did not have the absolute right to take the testimony of Canadian witnesses on this issue. To this contention the court responded by stating that " * * * the Sixth Amendment can give the right to compulsory process only where it is within the power of the federal government to provide it. Otherwise any defendant could forestall trial simply by specifying that a certain person living where he could not be forced to come to this country was required as a witness in his favor. The fact that appellant could not compel the attendance of * * * witness[es] * * * did not deprive him of any constitutional right."

6. 28 U.S.C. § 1783 provides in part:
  "Subpoena of witness in foreign country.
  "(a) A court of the United States may subpoena, for appearance before it, a citizen or resident of the United States who:
  "(1) Has been personally notified in a foreign country to appear before a court thereof to testify pursuant to letters rogatory issued by such court of the United States, and who has failed to appear or has failed to answer any question which he would be required to answer were he being examined before such court of the United States; or
  "(2) is beyond the jurisdiction of the United States and whose testimony in a criminal proceeding is desired by the Attorney General. * * *"

United States v. Greco, supra, 298 F.2d at 251. The court finds this statement to be equally applicable to defendants complaints concerning their inability to subpoena foreign[7] based witnesses and is dispositive of their contention.

## II.

### CONSPIRACY TO COMMIT A MISDEMEANOR AND FELONY CHARGED IN ONE COUNT

■ The second motion by defendants Charles Haim, Sidney Haim, and Goddard's Ltd. is to dismiss Count one of the indictment. These defendants claim that Count one charges both a misdemeanor and a felony and thus fails to inform the defendants whether they are to plead, or be tried, for a greater or lesser offense.

■ Count one charges that the defendants violated the general conspiracy statute, 18 U.S.C. § 371, by conspiring to commit four disparate crimes against the United States. 18 U.S.C. § 1, which defines offenses against the United States as either felonies or misdemeanors provides that any offense punishable by death or imprisonment for a term exceeding one year is a felony. Any other offense is classified a misdemeanor. Whether the crime of conspiracy is a misdemeanor or a felony turns upon the punishment which can be imposed for the violation of the substantive offense which is the object of the conspiracy. See 18 U.S.C. §§ 1, 371. Of the four statutory sections which the defendants are accused of conspiring to violate, three are felonies, but a fourth, violation of 26 U.S.C. § 5683, is punishable as a misdemeanor. Since the general conspiracy statute, 18 U.S.C. § 371, provides for a different and heavier penalty for conspiring to commit a felony than it does for conspiring to commit a misdemeanor, the movants claim that they must plead to Count one as a whole, without being able to ascertain from the face of the indictment whether they are pleading to a crime punishable as a felony or as a misdemeanor.

■■ The fact that a single count of an indictment charges a conspiracy to violate more than one statutory provision does not in and of itself make an indictment duplicitous. As the Supreme Court has said: "The allegation in a single count of a conspiracy to commit several crimes is not duplicitous for 'The conspiracy is the crime, and that is one, however diverse its objects.'" Braverman v. United States, 317 U.S. 49, 54, 63 S.Ct. 99, 102, 87 L.Ed. 23 (1942); Frohwerk v. United States, 249 U.S. 204, 39 S.Ct. 249, 63 L.Ed. 561 (1919). However, if a conspiracy count charges that the defendants conspired to violate several statutes, some of which are felonies and some of which are misdemeanors, defendants on trial for such a charge may conceivably suffer prejudice if the jury is not properly instructed. Indeed, explanatory instructions are necessary in order for the court to determine what penalty to impose in the event of a guilty verdict. See Williams v. United States, 238 F.2d 215, 218 (5th Cir., 1956), cert. denied, 352 U.S. 1024, 77 S.Ct. 589, 1 L.Ed.2d 596 (1957); United States v. Simon, 186 F.Supp. 223, 227–228 (S.D.N.Y.1960).

In Williams v. United States, supra, 238 F.2d at 218, the court had occasion to examine this problem in a somewhat different context, on appeal from a judgment of conviction. The appellant did not contest the sufficiency of evidence underlying the conviction but claimed that the guilty verdict should be reversed because conspiracy to commit both a misde-

---

7. To contend, as does the Government, that process is available to defendants pursuant to Rule 17(e) (2), Fed.R.Crim.P. does not take account of the fact that such process to compel the attendance of non-resident aliens is invalid as "the federal district courts are not authorized to issue" such a subpoena. Cf. United States v. Thompson, #28073, 2d Cir. 1963. Therefore the Government's contention that this motion is premature is without merit since the defendants should not be required to seek subpoenas pursuant to 17(e) (2), a remedy which, in any event, is available to the defendants only at trial and which appears fruitless.

meanor and several felonies was charged in one count. The appellant at trial did not object to the form of the indictment. Nor did he request the court to invoke any protective measures. The Court of Appeals held that: (1) the objection was not preserved, and (2) the failure of the trial court to give a cautionary instruction was not prejudicial error which need have been corrected on appeal *sua sponte* in order to prevent manifest injustice.

The Court of Appeals in Williams stated in dictum "*that it must have been apparent to the accused, upon arraignment and at all times thereafter*, that there should be some effective separation of the misdemeanor offense from the six felony offenses in the consideration by the jury. It was open to the appellant * * * to object to the form of the indictment." Id. 238 F.2d at 218.[8] Having failed to object to the indictment, the Court went on to suggest possible alternative remedies which the appellant could have requested at trial in order to protect himself against possible prejudice. These suggestions were as follows: (1) request a jury charge that called for a special verdict specifying the jury's disposition of each charge; (2) request a jury charge that called for a verdict indicating the degree of the offense under Rule 31(c) Fed.R.Crim.P.;[9] (3) object to the charge as given; (4) request a clarification of the verdict; and (5) request a new trial on the ground of an incorrect charge.

While it is true that an indictment charging a conspiracy to commit both a misdemeanor and a felony creates problems which are incapable of a flawless solution, the possibility of harm to defendants can be obviated if defendants request a charge to the jury calling for a special verdict or a verdict indicating the

degree of the offense under Rule 31(c) Fed.R.Crim.P. These procedures were recommended by the court in United States v. Simon, supra, 186 F.Supp. at 227–228.

But the defendants are not content to permit the court to fashion its own remedy to protect against prejudice. They contend, as did the defendants in Simon, that the conspiracy count should be dismissed *in limine* and that the proceedings as to Count one should be terminated. This contention is unsound. The court finds the procedures recommended in the Simon case to be salutary since they comport with the policy of protecting criminal defendants against any possible invasion of their rights while, at the same time, providing the court with an easily administered remedy to protect against confusion and resulting prejudice. See also United States v. McKenney, 181 F. Supp. 143, 144–146, (S.D.N.Y.1959), aff'd sub. nom. United States v. Galgano, 281 F.2d 908 (2d Cir., 1960), cert. denied, 366 U.S. 960, 967, 81 S.Ct. 1916, 6 L.Ed.2d 1253 (1961).

## III.

## DUPLICITY

■ The third motion of defendants Charles Haim, Sidney Haim and Goddard's Ltd., is to dismiss Counts two through eighty-four pursuant to Rule 8 (a), Fed.R.Crim.P., on the ground that they are duplicitous. Defendants claim that the language of each count charges two separate and distinct offenses and that consequently they should be dismissed. See United States v. Lennon, 246 F. 2d 24 (2d Cir., 1957), cert. denied, 355 U.S. 836, 78 S.Ct. 60, 2 L.Ed.2d 48 (1957); Frankfort Distilleries, Inc. v. United States, 144 F.2d 824, 832 (10th Cir., 1944), reversed on other grounds,

---

8. The Haim defendants' attempt to style this quotation as the Court's holding in Williams rather than dictum is an erroneous characterization. By removing the quotation from its proper context and by omitting the italicized portion the Haims have misconstrued the plain import of the court's meaning.

9. Rule 31(c) Fed.R.Crim.P. provides:
"Verdict.
  *   *   *   *   *
"(c) *Conviction of Less Offense.* The defendant may be found guilty of an offense necessarily included in the offense charged or of an attempt to commit either the offense necessarily included therein if the attempt is an offense."

324 U.S. 293, 65 S.Ct. 661, 89 L.Ed. 564 (1945).

■ The indictment in Counts two through eighty-four charges that the defendants violated 18 U.S.C. § 1001,[10] which is the general statute relating to false statements made in any matter within the jurisdiction of any department or agency of the United States. The defendants claim that each of these counts is duplicitous because the essential elements of the crime to be proven in each count, 18 U.S.C. § 1001, also constitute a violation of 18 U.S.C. § 542,[11] and that, in effect, the indictment charges two separate offenses, in each substantive count. 18 U.S.C. § 542 renders punishable the introduction into the commerce of the United States of imported goods by means of false statements. The fact that the indictment cites only 18 U.S.C. § 1001 and not 18 U.S.C. § 542 is not conclusive on the issue of the number of offenses included in the substantive counts because the statute on which an indictment is founded must be determined by the facts charged and not by the statutory reference. United States v. McKnight, 253 F.2d 817 (2d Cir., 1958). See also United States v. Hutcheson, 312 U.S. 219, 229, 61 S.Ct. 463, 85 L.Ed. 788 (1941).

■ The purpose of the general false statement statute, 18 U.S.C. § 1001, has been broadly defined to include all "false and fraudulent statements or representations where these were knowingly and willingly used in documents or affidavits 'in any matter within the jurisdiction of any department or agency of the United States.'" United States v. Gilliland, 312 U.S. 86, 93, 61 S.Ct. 518, 522, 85 L.Ed. 598 (1941); United States v. Bramblett, 348 U.S. 503, 75 S.Ct. 504, 99 L.Ed. 594 (1955); United States v. McCue, 301 F.2d 452 (2d Cir., 1962), cert. denied, 370 U.S. 939, 82 S.Ct. 1586, 8 L.Ed.2d 808 (1962). And it has been established that the Bureau of Customs, to whom the defendants allegedly made the false statements, is an agency or department within the meaning of Section 1001 so that the submission of false documents to the Bureau constitutes a violation of that section. United States v. Leviton, 193 F.2d 848 (2d Cir., 1951) cert. denied, 343 U.S. 946, 72 S.Ct. 860, 96 L.Ed. 1350 (1952).

No controlling precedent has been found, but the rationale of the Supreme Court in resolving a cognate problem in United States v. Beacon Brass Co., 344 U.S. 43, 73 S.Ct. 77, 97 L.Ed. 61 (1952), is helpful. In Beacon Brass the defendants were indicted under 26 U.S.C. § 145 (b) (Now 26 U.S.C. § 7201) for willfully attempting to evade taxes by making

10. "18 U.S.C. § 1001. *Statements or entries generally.*

"Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly or willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than five years, or both."

11. "18 U.S.C. § 542. *Entry of goods by means of false statements.*

"Whoever enters or introduces, or attempts to enter or introduce, into the commerce of the United States any imported merchandise by means of any fraudulent or false invoice, declaration, affidavit, letter, paper, or by means of

any false statement, written or verbal, or by means of any false or fraudulent practice or appliance, or makes any false statement in any declaration without reasonable cause to believe the truth of such statement, or procures the making of any such false statement as to any matter material thereto without reasonable cause to believe the truth of such statement, whether or not the United States shall or may be deprived of any lawful duties; or

"Whoever is guilty of any willful act or omission whereby the United States shall or may be deprived of any lawful duties accruing upon merchandise embraced or referred to in such invoice, declaration, affidavit, letter, paper, or statement, or affected by such act or omission—

"Shall be fined for each offense not more than $5,000 or imprisoned not more than two years, or both."

false statements to Treasury representatives. The District Court dismissed the indictment and held that by enacting the precursor of 18 U.S.C. § 1001, Congress intended to punish the making of false statements under the all-encompassing statute rather than sanction their prosecution under more specific statutes related to specific Government agencies. The Supreme Court reversed and held that the indictment should not have been dismissed and that defendant's acts were indictable under the specific statute, 26 U.S.C. § 145(b) as well as under 18 U.S.C. § 80 (now § 1001). The Court stated that "At least where different proof is required for each offense, a single act or transaction may violate more than one criminal statute." Id., 344 U.S. at 45, 73 S.Ct. at 79, 97 L.Ed. 61. The Court went on to make the distinction between the specific statute, 26 U.S.C. § 145(b), which requires proof that the false statements were made in a willful effort to evade taxes, and the general false statement statute, which merely requires proof that a false statement was made in a matter within the jurisdiction of a department or agency of the United States. See Cohen v. United States, 201 F.2d 386 (9th Cir., 1953), cert. denied, 345 U.S. 951, 73 S.Ct. 864, 97 L.Ed. 1374 (1953).

In the case at bar the specific statute, 18 U.S.C. § 542, which defendants claim is also charged in each of the "undivided allegations" of the substantive counts, requires proof that false statements were made in connection with the introduction into the commerce of the United States of imported merchandise; 18 U.S.C. § 1001, the ·general statute, requires proof only that the false statement was made to a Government department or agency.

■ In Beacon Brass the Court further stated that "Finally, the enactment of other statutes expressly outlawing false statements in particular contexts, e. g., 18 U.S.C. (Supp. V ) §§ 1010, 1014, negates the assumption—which was the foundation of the decision of the court below—that Congress intended the making of false statements to be punished only under § 35(A) [18 U.S.C. § 1001]." Id., 344 U.S. at 46, 73 S.Ct. at 79, 97 L. Ed. 61. The converse of the Beacon Brass rationale is that conduct chargeable under a specific statute may also be charged under a general statute. See United States v. Gilliland, supra. The opposite conclusion would prevent the government from indicting a defendant under a general statute if his conduct would also fall within the interdiction of a specific statute even though the proof required under each statute is different.

## IV.

### MISJOINDER OF DEFENDANTS

■ The defendants Charles Haim, Sidney Haim, and Goddard's Ltd. move pursuant to Fed.R.Crim.P., Rule 8(b)[12] to sever Count eighty-five, which charges defendant Gladys Scheer with perjury before a grand jury. Defendant Gladys Scheer has also moved for the same relief. The movants claim that defendant Scheer has been misjoined as a defendant in Count eighty-five because that count is unrelated to and has no connection with the conspiracy count or with any of the substantive counts. The Haims and Goddard's Ltd. point out that Gladys Scheer's alleged perjury occurred almost two years after the date on which they allegedly made their last false statement and that the perjury charge against Scheer should not be joined with the charges against them.

■ Rule 8(b) permits the joinder of defendants "if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions." Judicial construction of Rule 8(b) has well-settled the interpreta-

12. Rule 8(b) Fed.R.Crim.P. provides:
  "*Joinder of Defendants.* Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count."

tion that "Where multiple defendants are involved, Rule 8(b) requires that each count of the indictment arise out of 'the same series of acts or transactions' in which all of the defendants 'have participated.'" Williamson v. United States, 310 F.2d 192, 197 (9th Cir., 1962); see Ward v. United States, 110 U.S.App.D.C. 136, 289 F.2d 877 (1961); Ingram v. United States, 272 F.2d 567 (4th Cir., 1959); United States v. Welsh, 15 F.R.D. 189 (D.C.Cir. 1953).

All of the defendants in this indictment are alleged to have participated in the same series of acts or transactions which comprise the conspiracy charged in Count one. Paragraphs 10–13 of Count one charge that the defendant Scheer's role in the conspiracy was to prepare and file false Certificates in Respect of Spirits Exported to the United States of America. The perjury count charges that defendant Scheer knew that her testimony before the Grand Jury was false when she stated that she received the Certificates in the mail from one Shimmerlik. The Government alleges that the same evidence bearing on the accusation that defendant Scheer prepared and filed false Certificates, as charged in Count one, bears also on the perjury charged against Scheer.

In United States v. Verra, 203 F.Supp. 87 (S.D.N.Y.1962) it was held that a count charging a conspiracy to obstruct justice and counts charging perjury before a grand jury some six weeks after the termination of the conspiracy were properly joined where the perjury counts were directly related to matters which were also the subject of the conspiracy count. On a parity of reasoning, since Scheer's alleged false testimony relates to and has bearing upon the transactions involved in the conspiracy count, i. e., the preparation of the false certificates, it is clear that the perjury count is directly related to and arises out of the same series of transactions with which the Haims are charged. Count eighty-five, the perjury count, is properly joined with the other counts of the indictment.

Although a joinder of offenses or defendants is proper under Rule 8 since the offenses and defendants are related, defendants are not foreclosed from obtaining a severance of their trial under Rule 14, Fed.R.Crim.P.[13] if the defendants demonstrate that they will be prejudiced by the joinder. Schaffer v. United States, 362 U.S. 511, 80 S.Ct. 945, 4 L.Ed.2d 921 (1960). Defendants Charles Haim, Sidney Haim, and Goddard's Ltd. allege that the joinder of the perjury count prejudices them in that it is "an attempt by the Government to use a broad sweeping brushstroke to include [them] in an implied charge of conspiracy to obstruct justice." The defendant Scheer has made no more than the unsupported assertion that the joinder is prejudicial to her rights.

The burden is on the defendants to show that they will not be able to obtain a fair trial if the counts against them are not severed. See Hall v. United States, 83 U.S.App.D.C. 166, 168 F.2d 161, 4 A.L.R.2d 1193 (1948) cert. denied. 334 U.S. 853, 68 S.Ct. 1509, 92 L.Ed. 1775 (1948); United States v. Abrams, 29 F.R.D. 178 (S.D.N.Y.1961). In a similar situation presented in United States v. Verra, supra, 203 F.Supp. at 90, the court stated that "Where there are common elements of proof in the joined offenses, the public interest in avoiding duplicitous, time-consuming and expensive trials must be weighed against the prejudice which the defendants envision. Here it is clear that, should separate trials of the conspiracy and perjury counts be ordered, the Government's efforts would be duplicated and without benefit to the movants." See also United

---

13. Rule 14 Fed.R.Crim.P. provides:
    "*Relief from Prejudicial Joinder*. If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires."

States v. Nomura Trading Co., 213 F. Supp. 704, 707 (S.D.N.Y.1963); United States v. Bonanno, 177 F.Supp. 106, 118 (S.D.N.Y.1959); rev'd on other grounds sub. nom. United States v. Buffalino, 285 F.2d 408 (2d Cir., 1960). This rationale of Verra has particular pertinency to the instant case where, similarly, conspiracy and perjury relating to the same acts and transactions are charged. Here too, severance would impose a burdensome duplication of effort on the part of the Government without affording defendants a commensurate advantage.

 Futhermore a general, unsupported claim of prejudice, as asserted by these defendants, is insufficient to warrant the severance of counts that are properly joined. Williamson v. United States, supra, 310 F.2d at 197. Cf. United States v. Boyance, 30 F.R.D. 146 (E.D. Pa.1962).

### V.

### DEFENDANT SCHEER'S MOTION RELATING TO HER ALLEGED INCRIMINATING TESTIMONY BEFORE THE GRAND JURY

Defendant Gladys Scheer has moved to dismiss the indictment on the ground that she failed "to waive her immunity" when she appeared as a witness before the Grand Jury. In effect, she claims that she should not have been compelled to testify in the absence of a "waiver of immunity." Federal criminal procedure does not require a witness or a potential defendant to execute a waiver of immunity prior to testifying before a federal grand jury, although, under particular circumstances, not applicable here, immunity may be conferred. See 18 U.S.C. § 3486 as amended, 68 Stat. 745, 18 U.S.C.A. § 3486 (Supp. 1962); 15 U.S.C.A. § 32 (Antitrust proceedings); United States v. Monia, 317 U.S. 424, 63 S.Ct. 409, 87 L.Ed. 376 (1943). Defendant Scheer admits that she was advised of her right to refuse to answer any questions before the grand jury if in her opinion the answers to such questions might prove incriminating. Even assuming that the defendant Scheer was being considered as a potential defendant at the time she appeared before the grand jury—a claim which the Government denies—it is established that a witness or potential defendant is afforded the protection of the privilege against self-incrimination if she is duly advised of her privilege and of her right not to answer incriminating questions. United States v. Cleary, 265 F.2d 459 (2d Cir., 1959), cert. denied, 360 U.S. 936, 79 S.Ct. 1458, 3 L.Ed.2d 1548 (1959). This the defendant Scheer admits was unequivocally explained to her. This motion by the defendant Scheer is denied.

In sum, all five motions of the defendants are denied. So ordered.