**UNITED STATES of America**

**v.**

**Herbert Johannes STEEL and Alice Jayson, a/k/a Alice Jacobsohn.**

United States District Court
S. D. New York.
March 23, 1965.

**·422**

Robert M. Morgenthau, U. S. Atty., New York City, for plaintiff; Michael F. Armstrong, Asst. U. S. Atty., of counsel.

Bernard J. Coven, New York City, for defendants.

COOPER, District Judge.

Defendants seek an order pursuant to Rules 8 and 14, F.R.Crim.P. (1) requiring the Government to elect whether it will proceed to trial on Counts 1 to 11 or on Counts 12 to 22 herein, and (2) severing for separate trial the charges against defendant Jayson as contained in Counts 21 and 22.

*The Indictment*

Count One charges defendants Jayson and Steel, and others named as co-conspirators but not as defendants, with conspiracy to violate the Securities Act of 1933 and the Mail Fraud Statute. 15 U.S.C. §§ 77e (a) (2), 77e(c), Paragraphs 5 through 8 of Count One allege that the use of fictitious persons in various capacities provided a means of carrying out the conspiracy.

Counts Two through Eleven charge substantive violations of the registration provisions of the Securities Act of 1933 which defendants Jayson and Steel allegedly violated by the use of fictitious persons and nominees. 15 U.S.C. §§ 77e(a) (1), (2) and 77x.

Counts Twelve through Twenty-Two charge defendants Jayson and Steel with making false statements to investigators of the Securities and Exchange Commission. 18 U.S.C. § 1001. Counts Twelve to Fifteen charge defendant Steel with making false statements with regard to the existence of fictitious persons. Counts Sixteen and Eighteen through Twenty charge defendant Steel with making false statements with regard to certain transactions allegedly carried out by defendants through the use of nominees and fictitious persons. Count Seventeen charges defendant Steel with making false statements in regard to payments to officials in Bolivia and Panama.

Counts Twenty-One and Twenty-Two charge defendant Jayson with making false statements regarding the existence of fictitious persons.

*Motion to Sever Counts 1–11
from Counts 12–22*

The twenty-two counts are all based on "acts or transactions connected together or constituting parts of a common scheme or plan" Rule 8(a), F.R. Crim.P.

█ Centering on the fraudulent use of fictitious persons and nominees, the proof necessary for each of the three groups of counts—conspiracy, substantive and false statement—will be virtually identical.

Nine of the eleven false statement counts (12–15, 18–22) deal with the fictitious persons named specifically in the conspiracy count (1 ¶5). Two of these counts (12, 14) require proof of actual sales of stock and one (14) concerns nominees. The remaining two false statement counts (16, 17) relate to the sale of securities (16) and defendant's claimed disposition of the funds thereby obtained (17).

The substantive counts (2–11) charge specific unlawful mailings or uses of the means of interstate commerce in implementation of the conspiracy.

Accordingly, within the provisions of Rule 8(a), the counts are properly joined. Cataneo v. United States, 1948, 4 Cir., 167 F.2d 820; see United States v. Haim, 1963, S.D.N.Y., 218 F.Supp. 922, 931; United States v. Verra, 1962, S.D.N.Y., 203 F.Supp. 87; United States v. Bentvena, 1960, S.D.N.Y., 193 F.Supp. 485.

█ Where joinder satisfies Rule 8(a), a court may nevertheless grant severance pursuant to Rule 14. See Schaffer v. United States, 1960, 362 U.S. 511, 80 S.Ct. 945, 4 L.Ed.2d 921, United States v. Haim, supra, 218 F.Supp. at 931. Such relief is a matter of discretion. See, e. g., Opper v. United States, 1954, 348 U.S. 84, 95, 75 S.Ct. 158, 99 L.Ed. 101; United States v. Lebron, 1955, 2 Cir., 222 F.2d 531, 535, cert. denied, 350 U.S. 876, 76 S.Ct. 121, 100 L.Ed. 774. Since the motion seeks severence pre-trial, the claim of defendants must be tantamount to alleging the Court powerless to afford a fair trial. See Dauer v. United States, 1951, 10th Cir., 189 F.2d 343, cert. denied, 342 U.S. 898, 72 S.Ct. 232, 96 L.Ed. 672; United States v. Abrams, 1961, S.D.N.Y., 29 F.R.D. 178, 181.

█ However, defendants have the burden of establishing such a claim and "a general, unsupported claim of prejudice * * * [such as here] is insufficient to warrant" a severance. United States v. Haim, supra, 218 F.Supp. at 932.

Moreover, where as here, a conspiracy charge against all defendants may be proved by the same or similar evidence and results from a similar series of acts or transactions, a severance has rarely been granted. See, e. g., United States v. Boyance, 1962, E.D.Pa., 30 F.R.D. 146, 147–148; United States v. Bonanno, 1959, S.D.N.Y., 177 F.Supp. 106, 116, reversed on other grounds sub. nom.; United States v. Bufalino, 1960, 2 Cir., 285 F.2d 408.

█ Defendants claim joinder prejudices them in that (1) they are embarrassed and confounded in making their defense; (2) they feel that an unfavorable inference, invading the "right to silence," may be made if they choose to testify as to offenses in one series of counts, but not the other; (3) the jury may cumulate the evidence; (4) the jury may use the evidence of guilt of one of the crimes charged, particularly the false statement counts, to infer a criminal disposition from which they may infer guilt on the remaining charges; and (5) a latent feeling of hostility may be engendered by charging "a series of crimes * * * strung out in 22 counts."

These general categories are unsupported. After extended oral argument on this and the six other motions that have been argued by defendants before this Court, they have consistently failed to particularize how they are embar-

**424**

rassed, other than by the return of the indictment itself. Grounds (2)–(5), while under certain circumstances requiring severance (see e. g., Drew v. United States, 1964, 118 U.S.App.D.C. 11, 331 F.2d 85), are not compelling here.

The identity of proof as to the various counts fortifies the public interest in avoiding duplicitous and time-consuming trials. Separate trials would not insulate defendants from proof of their allegedly false statements. The Government would be allowed (absent other grounds of inadmissibility) to offer on its direct case, as evidence of consciousness of guilt, defendants exculpatory statements which are claimed to be false. United States v. Verra, supra, 203 F. Supp. at 91. See 2 Wigmore, Evidence §§ 302, 321(c) (3d ed. 1940); McCormick, Evidence, § 164 (1964); United States v. Robbins, 340 F.2d 684 ( 2 Cir. Jan. 12, 1965); United States v. Klein, 1965, 2 Cir., 340 F.2d 547.

Moreover, as to grounds (2)–(5), there is no indication that defendant's case will not be presented to and impartially considered by a trier of facts under proper instructions on the law applicable to evidence appropriately admissible. United States v. DeFillo, 1958, 2 Cir., 257 F.2d 835, 839, cert. denied, 1959, 359 U.S. 915, 79 S.Ct. 591, 3 L.Ed.2d 577; United States v. Liss, 1943, 2 Cir., 137 F.2d 995, cert. denied, 320 U.S. 773, 64 S.Ct. 78, 88 L.Ed. 462; United States v. Lotsch, 1939, 2 Cir., 102 F.2d 35, cert. denied, 307 U.S. 622, 59 S.Ct. 793, 83 L.Ed. 1500.

Accordingly, the motion to sever Counts One through Eleven from Counts Twelve through Twenty-Two is denied.

*Motion to Sever the Trial of Defendant Jayson under Counts 21–2*

 This motion must be denied. Under Rule 8(b), joinder of defendants is permissible where, as here, defendants are "alleged to have participated in the same * * * series of acts or transactions constituting * * * offenses. Such defendants may be charged * * * separately and * * * [each defendant] need not be charged in each count." See United States v. Haim, supra.

Under the authorities discussed above, no prejudice has been demonstrated that requires a severance of Jayson's trial as to these counts.

### Conclusion

Defendants' motion to sever Counts 1–11 from 12–22 is denied.

Defendants' motion to sever the trial of Jayson under Counts 21–2 is denied.

This shall be considered an order; settlement thereof is unnecessary.

So ordered.